JAMES O. BROWNING, UNITED STATES DISTRICT JUDGE
*1270 THIS MATTER comes before the Court on the United States' Sealed Motion Regarding Attorney Conflict, filed April 4, 2018 (Doc. 2071) ("Motion"). The primary issue is whether the Defendant Arturo Arnulfo Garcia's attorney, Billy Blackburn, can continue to represent A. Garcia notwithstanding Mr. Blackburn's prior representation of James Garcia, one of Plaintiff United States of America's witnesses, in a state court murder prosecution. In the case in which Mr. Blackburn represented J. Garcia, J. Garcia "was found guilty of Murder in the 2nd Degree, Tampering with Evidence and Possession of Firearm or Destructive Device by a Felon on November 28, 1995." Motion at 2. "The murder was not an SNM related homicide." Motion at 2.
The United States District Court for the District of New Mexico requires attorneys representing criminal defendants to "comply with the Rules of Professional Conduct adopted by the Supreme Court of the State of New Mexico." D.N.M. LR-Cr R. 57.2. Those rules impose two distinct duties vis-à-vis an attorney's former *1271 clients.[1] The first is a duty of confidentiality. Attorneys cannot "use information relating to the representation" of a former client to their disadvantage, unless "the information has become generally known." N.M. R. Prof'l Conduct 16-109(C)(1). Likewise, an attorney cannot "reveal information relating to the representation." N.M. R. Prof'l Conduct 16-109(C)(2). The second is a duty to refrain from representing someone whose "interests are materially adverse to the interests of [a] former client." N.M. R. Prof'l Conduct 16-109(A).
That second duty applies, however, only to the matters in which an attorney represented a former client and to "substantially related" matters. N.M. R. Prof'l Conduct 16-109(A). A particular matter's scope-and, hence, whether it is the same matter in which an attorney represented a former client-"depends on the facts of a particular situation or transaction," but "[t]he underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question." N.M. R. Prof'l Conduct 16-109 cmt. 2. A matter is substantially related to a matter in which an attorney represented a former client "if they involve the same transaction or legal dispute or if there otherwise is a substantial risk that confidential factual information as would normally have been obtained in the prior representation would materially advance the client's position in the subsequent matter." N.M. R. Prof'l Conduct 16-109 cmt. 3 (emphasis added). "Information acquired in a prior representation may have been rendered obsolete by the passage of time, a circumstance that may be relevant in determining whether two representations are substantially related." N.M. R. Prof'l Conduct 16-109 cmt. 3.
On April 5, 2018, the Court spoke with Mr. Blackburn ex parte regarding the details of the case in which Mr. Blackburn represented J. Garcia. Mr. Blackburn's representations to the Court indicate that he could not ethically cross-examine J. Garcia, because Mr. Blackburn might use or reveal confidential information relating to his prior representation of J. Garcia in such a cross-examination. See N.M. R. Prof'l Conduct 16-109(C). Nothing before the Court indicates, however, that Mr. Blackburn has any information related to J. Garcia's decades-old case that would advance A. Garcia's position if J. Garcia does not testify. On April 6, 2018, the United States and the Defendants removed J. Garcia from their witness lists. See United States' Unopposed Notice of Removal of Witness at 1, filed April 6, 2018. Consequently, there is no practical danger that Mr. Blackburn will use or reveal any nonpublic[2] information related to that representation. See N.M. R. Prof'l Conduct 16-109(C). Correlatively, there is no "significant risk" that Mr. Blackburn's representation of A. Garcia "will be materially limited" by his duty of confidentiality to J. Garcia. N.M. R. Prof'l Conduct 16-107(B). The Court accordingly concludes that Mr. Blackburn's representation of A. Garcia can continue notwithstanding Mr. *1272 Blackburn's continuing duty to maintain J. Garcia's confidences.
Similarly, there is no substantial risk that information as would normally have been obtained in Mr. Blackburn's representation of J. Garcia in a non-SNM-related murder prosecution would materially advance A. Garcia's position in this case. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Further, A. Garcia's federal prosecution for a Violent Crime in Aid of Racketeering, 18 U.S.C. § 1959 ("VICAR") based on his alleged participation in SNM does not involve the same transaction or legal dispute as J. Garcia's non-SNM-related state murder prosecution. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Accordingly, the Court concludes that A. Garcia's VICAR prosecution is not substantially related Mr. Blackburn's prior representation of J. Garcia. Likewise, Mr. Blackburn cannot be justly regarded as changing sides, so the two matters are not the same. See N.M. R. Prof'l Conduct 16-109 cmt. 3. Accordingly, the Court concludes that Mr. Blackburn can continue to represent A. Garcia notwithstanding Mr. Blackburn's continuing duty of loyalty to J. Garcia.
To the extent that Mr. Blackburn's prior representation of J. Garcia creates any issues under the Sixth Amendment to the Constitution of the United States of America-e.g., by causing Mr. Blackburn to pull his punches while cross-examining J. Garcia-A. Garcia can unilaterally waive those issues. Conflicts of interest potentially create Sixth Amendment issues, because an attorney's divided loyalties may render their assistance constitutionally ineffective. See Cuyler v. Sullivan, 446 U.S. 335, 345, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980) ("[A] lawyer forced to represent codefendants whose interests conflict cannot provide the adequate legal assistance required by the Sixth Amendment."). A defendant can, however, "waive his right to the assistance of an attorney unhindered by a conflict of interests." Holloway v. Arkansas, 435 U.S. 475, 483 n.5, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978). Consequently, if A. Garcia knowingly and intelligently waives any conflicts that stem from Mr. Blackburn's prior representation of J. Garcia, Mr. Blackburn's continued representation of A. Garcia does not offend A. Garcia's Sixth Amendment rights.
The Court grants the Motion insofar as it seeks a determination regarding whether Mr. Blackburn can ethically continue to represent A. Garcia. The Court denies the Motion-insofar as it seeks Mr. Blackburn's disqualification-because it concludes that Mr. Blackburn's representation of A. Garcia does not create a conflict of interest vis-à-vis Mr. Blackburn's former representation of J. Garcia. Out of an abundance of caution, however, the Court will seek a conflict-of-interest waiver from A. Garcia to avoid any Sixth Amendment issues, because such a waiver resolves any potential Sixth Amendment issues down the road.
IT IS ORDERED that: (i) the request for a determination in the United States' Sealed Motion Regarding Attorney Conflict, filed April 4, 2018 (Doc. 2071), is granted in part and denied in part.

In addition to the duties owed to a former client, the New Mexico Rules of Professional Conduct state that a lawyer cannot represent a client if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to ... a former client." N.M. R. Prof'l Conduct 16-107(A)(2).

An attorney is permitted to use information relating to a former client's representation-as opposed to information relating to a current client's representation-if the information has become generally known. See N.M. R. Prof'l Conduct 16-109(C)(1).